UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH'S HOUSE AND SHELTER, INC.,

                **Plaintiff,**

    v.                                  5:05-CV-513
                                          (FJS/DRH)

CITY OF TROY PLANNING BOARD,

                **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**DISABILITY ADVOCATES, INC.**        **CLIFF ZUCKER, ESQ.**
5 Clinton Square, Third Floor           **SIMEON L. GOLDMAN, ESQ.**
Albany, New York 12207
Attorneys for Plaintiff

**MORITT HOCK HAMROFF &**        **ROBERT L. SCHONFELD, ESQ.**
**HOROWITZ LLP**
400 Garden City Plaza, Suite 202
Garden City, New York 11530
Attorneys for Plaintiff

**CITY OF TROY CORPORATION**      **CHARLES A. SARRIS, ESQ.**
**COUNSEL**
One Monument Square
Troy, New York 12180
Attorneys for Defendant

**DREYER BOYAJIAN LLP**              **JOHN B. CASEY, ESQ.**
75 Columbia Street
Albany, New York 12210
Attorneys for Defendant


**SCULLIN, Senior Judge**


                                        **MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

On April 27, 2005, Plaintiff Joseph's House and Shelter, Inc. filed this action against the City of Troy Planning Board pursuant to the Federal Fair Housing Act ("FHA") and Title II of the Americans with Disabilities Act ("ADA"), asserting that Defendant, by denying Plaintiff's application for a proposed housing project, unlawfully discriminated against the proposed, mentally ill residents of that project.  Plaintiff seeks damages and an order requiring Defendant's immediate approval of Plaintiff's application.

Currently before the Court are both parties' motions for summary judgment.  Defendant moves for summary judgment on the following grounds: (1) Plaintiff must challenge Defendant's decision in an Article 78 proceeding; (2) Defendant's actions were not final and are not ripe for review; (3) Plaintiff has failed to establish a *prima facie* case of discrimination; (4) Defendant has established a legitimate non-discriminatory reason for its action; and (5) Plaintiff is not entitled to its requested order for immediate approval.  Plaintiff moves for summary judgment on the following grounds: (1) Plaintiff has established a *prima facie* case of discrimination; (2) Defendant has failed to articulate a legitimate non-discriminatory reason for its action; and (3) any such reasons are not worthy of credence or are pretext.

## II.  BACKGROUND

Plaintiff is a not-for-profit corporation that provides housing for homeless people with mental illness in Troy, New York.  Plaintiff currently operates two facilities in Troy, including apartments at the Lansing Inn and a homeless shelter at 74 Ferry Street.  Plaintiff seeks to close nine apartment units at the Ferry Street shelter and establish sixteen units of permanent

supported housing at 202 Fourth Street, Troy, New York, in the Little Italy/Pottery District of the City, which is zoned for residential and commercial use. The 202 Fourth Street property, which had been on the market for at least two years prior to Plaintiff's purchase, previously consisted of empty buildings and a little-used pool hall.

Since Plaintiff sought to change the use of the property from commercial to residential and needed a building permit, Plaintiff had to apply to Defendant for site plan review. Additionally, SEQRA[1] required an impact analysis. After its review of Plaintiff's application, Defendant Planning Board issued a positive SEQRA declaration,[2] found the project in conflict with the City of Troy's 2000 Consolidated Plan, and denied the application as presented.

## III. DISCUSSION

**A.     Preliminary matters**

### *1. Article 78 proceeding*

Defendant's assertion that Plaintiff must challenge its decision pursuant to SEQRA in a New York State Article 78 proceeding is incorrect. It is well-established that plaintiffs are entitled to bring an FHA and ADA claim based on a discriminatory land use decision, even if a state-court Article 78 proceeding is available. *See, e.g.*, *Reg'l Econ. Ctmy. Action Program, Inc.*

---

[1] New York State Environmental Quality Review Act, N.Y. Envtl. Conserv. Law art. 8.

[2] Pursuant to SEQRA, an agency must make an initial determination whether the "action may include the potential for at least one significant adverse environmental impact," which is a positive declaration and would require preparation of an Environmental Impact Statement or whether the action will have "no adverse environmental impacts or that the identified adverse environmental impacts will not be significant," which is a negative declaration that would require no further response by an applicant. *See* N.Y. Comp. Codes R. & Regs. tit. 6, § 617.7(a); *see also* N.Y. Envtl. Conserv. Law § 8-0109 (McKinney 2009 Supp.).

*v. City of Middletown*, 294 F.3d 35, 45 (2d Cir. 2002) ("*RECAP*"); *see also Advocacy & Res. Ctr. v. Town of Chazy*, 62 F. Supp. 2d 686, 688 (N.D.N.Y. 1999) (noting that plaintiffs need not "exhaust all administrative and state remedies" prior to bringing an FHA action in federal court). Accordingly, the Court rejects Defendant's argument.

### *2. Ripeness*

Defendant also contends that, because its decision, a positive declaration under SEQRA and denial of the site plan as presented, was not final, Plaintiff's claim is not ripe for Article 78 review. As noted above, a plaintiff does not need to exhaust its administrative remedies prior to bringing an action such as this one. *See Advocacy & Res. Ctr.*, 62 F. Supp. 2d at 688. Furthermore, under New York law, "a positive declaration [under SEQRA may be] a final administrative action ripe for judicial review." *In re Gordon v. Rush*, 100 N.Y.2d 236, 243 (2003). Accordingly, the Court finds that Plaintiff's claim is ripe for judicial review.

### B.   **Plaintiff's FHA and ADA claims**

#### *1. Plaintiff's prima facie case*[3]

Courts analyze intentional discrimination claims under the FHA and ADA under the rubric laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See RECAP*, 294 F.3d at 48-49 (citation omitted). Initially, a plaintiff must establish a *prima facie* case of discrimination; under the FHA and ADA, a plaintiff "must present evidence that 'animus

---

[3] Defendant notes that, for the purposes of this motion, it does not contest Plaintiff's standing. *See* Defendant's Memorandum in Support at 9 n.2.

-4-

against the protected group was *a* significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" *Id*. (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995)). Courts consider the following non-exclusive and non-mandatory list of factors to evaluate a claim of intentional discrimination: "'(1) the discriminatory impact of the governmental decision; (2) the decision's historical background; (3) the specific sequence of events leading up to the challenged decision; (4) departures from the normal procedural sequences; and (5) departures from normal substantive criteria.'" *Tsombanidis v. West Haven Fire Dep't*, 352 F.3d 565, 580 (2d Cir. 2003) (quotation omitted). Under the *McDonnell Douglas* analysis, the plaintiff's *prima facie* burden is "minimal" and "*de minimis*." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) (citation omitted).

Plaintiff presents a myriad of evidence it contends establishes the requisite animus against its proposed mentally ill residents to meet its *prima facie* burden: (1) Defendant's rejection of the recommendation of the professional planning staff; (2) Defendant's tabling and delay of Plaintiff's application; (3) discriminatory community opposition; (4) Defendant's citation of "concentration of facilities;" (5) Defendant's shifting bases for its decision; (6) comments of Board member Reischuk; (7) Defendant's approval of other commercial to residential transitions during the same time period; and (8) Defendant's citation to the Troy Consolidated Plan when the plan supports the construction of this type of housing.[4] *See*

---

[4] Plaintiff also cites Defendant's grant of approval to another not-for-profit organization with the condition that it not practice methadone treatment and cites cases that hold that the barring of methadone clinics is discrimination under the ADA. The Court notes that Defendant's approval of another project with a condition against methadone treatment is completely
(continued...)

Plaintiff's Memorandum in Support at 12-20.

The Court finds that the sum of Plaintiff's evidence meets its minimal burden to establish a *prima facie* case of discrimination under the FHA and ADA. Therefore, the Court denies Defendant's motion for summary judgment on the ground that Plaintiff failed to establish a *prima facie* case of discrimination.

### *2. Defendant's legitimate non-discriminatory reason*

If the plaintiff establishes a *prima facie* case, the defendant must produce a legitimate non-discriminatory reason for its decision. *See RECAP*, 294 F.3d at 49 (citations omitted). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (quotation omitted). In an obtuse and somewhat incomprehensible letter from Executive Secretary Russ Reeves to Plaintiff, Defendant articulated in essence the following reasons for its decision to deny Plaintiff's application: (1) that the "project will impair the development of important resources of existing community and neighborhood character;" (2) that more data is necessary to properly "investigate and assess the magnitude of the impacts of the proposed project; and (3) that the project is in conflict with the City of Troy's Housing and Urban Development 2000 Consolidated Plan. *See* Affidavit of John B. Casey, Esq. dated March 1, 2007 ("Casey Aff."), Exhibit W.

The Court finds that these reasons satisfy Defendant's burden of production.

---

⁴(...continued)
irrelevant to the issues in the instant action.

Furthermore, the Court notes that Plaintiff's arguments on this point are better considered in the context of whether Defendant's reasons are mere pretext and unworthy of credence. Accordingly, the Court denies Plaintiff's motion for summary judgment on the ground that Defendant failed to produce a legitimate nondiscriminatory reason for its decision.

### 3. *Pretext*

If the defendant produces a legitimate non-discriminatory reason for its action, the burdens shifts back to the plaintiff to prove intentional discrimination against it on a prohibited ground. *See RECAP*, 294 F.3d at 49 (citations omitted). A plaintiff may do so by showing that the defendant's explanation is pretext or unworthy of credence. *See Reeves*, 530 U.S. at 143 (citations omitted). If the plaintiff shows that the defendant's explanation is false, the trier of fact may infer discrimination from the falsity of the explanation. *See RECAP*, 294 F.3d at 49 (citation omitted). To meet its burden, the plaintiff may use "the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual.'" *See Reeves*, 530 U.S. at 143 (quotation omitted). Plaintiff's *prima facie* evidence and other evidence can be broken down into three categories: (1) evidence of irregularities in the Defendant's handling of Plaintiff's application; (2) evidence that Defendant's reasons were not proper under SEQRA; and (3) evidence that Defendant's conclusion that the project is contrary to the Consolidated Plan is erroneous.

Plaintiff presented evidence that Defendant ignored the initial recommendation of its professional planning staff with regard to the SEQRA impact of the project. Furthermore Plaintiff alleged the following: that Defendant tabled and delayed Plaintiff's application based

on discriminatory community opposition; that Defendant has expressed shifting bases for their decision and cited the concentration of such facilities; that members of Defendant based their decision on fear of security; that Defendant treated Plaintiff's project different from similarly situated projects; and that Defendant impermissibly considered Plaintiff's tax-exempt status. The Court finds these allegations could constitute evidence of discrimination.[5] Plaintiff also presented evidence that Defendant's members based their decision on impermissible economic factors.[6]

Finally, Plaintiff presented evidence that, contrary to Defendant's stated reason, its project is not in conflict with the Consolidated Plan. The Court finds that, based on Plaintiff's application, there is evidence to suggest that the project is in accord with the City's

---

[5] *See Tsombanidis*, 352 F.3d at 580 (citation omitted); *see also Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37, 49 (2d Cir. 1997) (finding evidence of discrimination in decision to ignore counsel's straightforward analysis on whether a project should be classified as a hospital), *abrogation on other grounds noted by Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 171 n.7 (2d Cir. 2001); *see also RECAP*, 294 F.3d at 50 (finding concerns about "over-concentration of these types of facilities" as evidence of discrimination); *Oxford House, Inc. v. Town of Babylon*, 819 F. Supp. 1179, 1185 (E.D.N.Y. 1993) (finding that shifting bases for a land use decision can be evidence of discrimination); *In re PACER Inc. v. Planning Bd. of City of Middletown*, 217 A.D.2d. 47, 51 (1995) (finding consideration of tax-exempt status impermissible) (citing *In re Diocese of Rochester v. Town of Brighton Planning Bd.*, 1 N.Y.2d 508, 524-25 (1956)) (other citations omitted).

[6] "SEQRA does not authorize governmental agencies, under the guise of environmental protection, to manipulate the flow of private investment in order to advance their own economic master plan." *East Coast Dev. Co. v. Kay*, 174 Misc. 2d 430, 432 (N.Y. Sup. Ct. Tompkins County 1996) (collecting cases and finding that a SEQRA decision "cannot be sustained if based solely upon the anticipation that [the project, located far from the central business district] would adversely affect the existing downtown marketplace"). The Court finds Defendant's reliance on language in *Chinese Staff & Workers Ass'n v. City of New York* that some social and economic factors are included under SEQRA unpersuasive. *See Chinese Staff & Workers Ass'n v. City of New York*, 68 N.Y.2d 359, 366 (1986). The Court finds that the economic factors permissible under *Chinese Staff and Workers Association* are limited to those expressed in the statute and that SEQRA does not include the entire universe of possible economic factors. *See id.*

Consolidated Plan, which states that the current supported housing for mentally ill homeless people is insufficient and that an additional 220 units are needed. *See* Casey Aff. Exhibit X, Consolidated Plan at 118-19.

In sum, the Court finds that there are material issues of fact regarding whether Plaintiff's contentions about the nature of the evidence are correct and then, if so, whether such evidence amounts to pretext or discrimination. Accordingly, the Court denies both parties' motions for summary judgment on this issue.

### C.     Equitable Relief

Since the Court has determined that a number of issues of fact must be resolved in this case, it is, therefore, premature to consider the nature of any potential injunctive relief at this time. Accordingly, the Court denies Defendant's motion for summary judgment on the issue of injunctive relief.

### IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff's counsel shall initiate a telephone conference, using a professional conferencing service, with the Court and opposing counsel on **April 27, 2009**, at **10:15 a.m.** to set a trial date.

**IT IS SO ORDERED.**

Dated: March 31, 2009
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge